## Foreign Insurance Companies' Taxation.

*Gross premiums—Deductions—Reinsurance—Act of May 17, 1921.*

1. The term "licensed to do business" in this Commonwealth, as used in section 321 of the Act of May 17, 1921, P. L. 682, authorizing certain deductions from gross premiums received from foreign insurance companies, means "authorized to do business in this Commonwealth," and comprehends thereby both domestic and foreign insurance companies authorized to do business in Pennsylvania.

2. In making annual reports for the purpose of gross premium tax, foreign insurance companies authorized to do business in Pennsylvania are allowed by the Act of 1921 to deduct from the gross premiums received the premiums actually paid for reinsurance in domestic companies, associations or exchanges upon the mutual plan without capital stock, and foreign fire insurance companies may deduct the premiums actually paid for reinsurance in domestic fire insurance stock companies.

Department of Justice. Opinion to Hon. Matthew H. Taggart, Insurance Commissioner.

MOYER, Dep. Att'y-Gen., March 2, 1927.—In a recent letter to this department you present various facts with respect to certain deductions from the tax on gross premiums of foreign insurance companies as provided for in section 321 of the Insurance Company Act of May 17, 1921, P. L. 682, and you make, briefly, the following inquiries upon which you request an opinion: First, in making annual report for the purpose of the gross premiums tax are foreign insurance companies, licensed to do business in Pennsylvania allowed by said act of assembly to deduct from the gross premiums received the premiums of said companies actually paid for reinsurances in domestic companies or associations upon the mutual plan without capital stock? Second, in making annual report for the gross premiums tax, are foreign fire insurance companies, licensed to do business in Pennsylvania, allowed by said act of assembly to deduct from the gross premiums received the premiums of said companies actually paid for reinsurances in domestic fire insurance stock companies?

Section 321 of said Act of May 17, 1921, provides, *inter alia,* as follows:

"Section 321. Additional Annual Reports from Foreign Companies and Associations. Every stock or mutual insurance company, association, or exchange of another state or foreign government, authorized to do business in this Commonwealth, shall make report to the Insurance Commissioner, on or before March 1st of each year, under oath of its president, secretary or attorney, showing the gross premiums of every character and description received from business transacted in the Commonwealth during the year, or fraction of year, ending with the thirty-first day of December preceding, whether said premiums were received in money or in the form of notes

credits, or any other substitute for money, or whether the same were collected in this Commonwealth or elsewhere, and to pay into the State Treasury the requisite tax upon all such premiums. *Such companies, associations and exchanges, in making such report, may deduct, from the gross premiums received, all premiums returned on policies canceled or not taken, and all premiums actually paid for reinsurances, where the same are effected in companies duly licensed to do business in this Commonwealth, etc.*"

You have called our attention to the fact that section 24 of the Act of June 1, 1889, P. L. 420, as amended by the Acts of June 28, 1895, P. L. 408, and May 6, 1925, P. L. 526, provides, *inter alia,* that the annual tax upon premiums of foreign insurance companies shall be at the rate of 2 per centum upon the gross premiums received from business done within this Commonwealth during the preceding calendar year; and that domestic insurance companies or associations, except companies doing business upon the mutual plan without any capital stock, and certain purely mutual beneficial associations, are required to make annual report to the Auditor General of their gross premiums, premium deposits or assessments received during the year preceding, less certain deductions expressly provided for, and pay a tax of 8 mills on the dollar upon the gross amount of said premiums. You state, in connection therewith, that if foreign insurance companies reinsuring in Pennsylvania mutual insurance companies having no capital stock are allowed the deduction of the premiums paid for reinsurances, it would mean a loss of tax to the State on the amount of business so reinsured, because said domestic mutual insurance companies pay no gross premiums tax. You further state that if foreign fire insurance companies who are authorized to do business in this State reinsure in domestic stock fire insurance companies, and are thereby allowed the deduction of the premiums paid for said reinsurance, it would mean a loss of tax to the State to the extent of 12 mills on each dollar of the amount of premiums so reinsured.

The particular provision of said section 231 of the Act of May 17, 1921, requiring construction in view of your inquiries, is as follows: "Such companies, associations and exchanges, in making such report, may deduct from the gross premiums received . . . all premiums actually paid for reinsurances, where the same are effected in companies duly licensed to do business in this Commonwealth."

It is unnecessary to cite authority that the underlying principle of all construction of statutes is that the intent of the legislature should be sought in the words employed to express it, and the legislature must be understood to intend what is plainly expressed. By the words employed in the provision in question, the meaning is plain that the legislature intended to allow deductions to foreign insurance companies, associations and exchanges, from the gross premiums received, of all permiums actually paid for reinsurances, where the same are effected in a certain class of companies. The limitation set by the legislature as to the "companies" referred to is: "Companies duly licensed to do business in this Commonwealth." I note that you state in your letter that "Pennsylvania companies are not licensed. They are registered to do business in this State." This suggests to me that you may have in mind that the use of the words "licensed to do business," in the provision just quoted from said section 321, might restrict the deductions to be allowed foreign insurance companies from the gross premiums received to the premiums paid for reinsurances in foreign insurance companies authorized to do business in Pennsylvania, because of the fact that domestic companies are not "licensed to do business" in Pennsylvania, but are "registered to do business."

Does the use of the term "licensed to do business" restrict the deductions to be allowed foreign insurance companies, associations and exchanges, from their gross premiums received, simply to foreign insurance companies authorized to do business in Pennsylvania? In section 208 of the Insurance Department Act of May 17, 1921, P. L. 789, it is provided that the Insurance Commissioner shall issue "certificates of authority" to foreign insurance companies, associations and exchanges who are qualified under the laws of this Commonwealth to transact business herein. Neither in this section nor in any other section of the act do I find that any reference is made to the issuance of a "license" to foreign insurance companies or associations to do business in Pennsylvania, but frequent reference is made to the "certificate of authority" required by the act. In said section 208 of the Insurance Department Act of 1921, in one instance, the term "licensee" is used when provision is made for the Insurance Commissioner to renew the "certificate of authority" of any mutual assessment or accident association lawfully doing business in this Commonwealth, beginning April 1st of each year and continuing in force for one year, unless sooner revoked by him or surrendered by the "licensee." Because of the fact that the renewal here referred to is the renewal of a "certificate of authority," the use of the term "licensee" in connection therewith can have no particular significance on the immediate question at issue.

In the case of domestic insurance companies, associations and exchanges, under said Insurance Company Act of May 17, 1921, P. L. 682, in section 215, paragraph A, the Insurance Commissioner, upon the receipt of the notice as therein provided for, and in case he finds that the provisions of the act have been complied with, shall issue to said domestic companies "a certificate showing that it has been organized in accordance with the provisions of this act, and that it has the requisite amount of capital for the transaction of business in the Commonwealth, which certificate shall empower the company to issue policies and otherwise transact the business of insurance for which it was incorporated." This certificate issued to domestic insurance companies is also known as a "certificate of authority." Thus, it will be seen that in case of both the *foreign* and *domestic* insurance companies, associations and exchanges, qualified under the law to do business in this Commonwealth, the Insurance Commissioner issues a "certificate" authorizing them to do business in this Commonwealth. In the case of domestic companies, the law does not require the renewal of the certificates, while in the case of foreign companies, the certificates are issued annually by the Insurance Commissioner to those companies duly qualified. This latter fact does not change the fundamental nature of the "certificate" itself, however. Consequently, harmonizing the expression "licensed to do business in this Commonwealth," as used in said section 321 of the Insurance Company Act of May 17, 1921, P. L. 682, with the context of the act itself, as well as interpreting it in light of the context of that part of the Insurance Department Act of May 17, 1921, P. L. 789, *in pari materia*, passed at the same session of the legislature, it is manifest that the legislature intended, by the use of this expression, to mean companies "authorized to do business in Pennsylvania," and thereby comprehend both domestic and foreign insurance companies, associations and exchanges who have "certificates" authorizing them to do business in Pennsylvania.

The provision of said section 321 of the Insurance Company Act of 1921 here in question is the same as the proviso allowing deductions from gross premiums in section 16 of the Insurance Department Act of June 1, 1911, P. L. 607. Deputy Attorney-General Hargest, in an opinion to the Insurance

Commissioner, Jan. 26, 1916, reported in Attorney-General's Opinions, 1915-1916, page 221 [Taxation of Fire Insurance Premiums, 25 Dist. R. 883], had before him the question as to whether credit should be given for premiums paid for reinsurance by a domestic fire insurance company in the settlement against the liquidating receiver (the Insurance Commissioner) of said company for the tax on gross premiums. He held that such credit should be given for premiums paid for reinsurance. In deciding this question, he gave consideration to the interpretation, in certain respects, of the aforementioned proviso of said Act of 1911, and also considered the Act of May 8, 1899, P. L. 258, which latter act relates especially to reinsurance and the transaction of business by fire and marine insurance companies or associations. The 2nd section thereof, relating to all fire insurance companies, provided, *inter alia*, that said companies should be allowed deductions from the gross premiums received of the premiums paid for reinsurance "in case any such company or companies shall effect reinsurance with any other company or companies of this State, or licensed to do business in this State." In this connection, Deputy Attorney-General Hargest said, on page 222, as follows: 'It is not to be presumed that foreign insurance companies would be exempt from taxation on the premiums representing reinsurance and our own companies be required to pay the tax thereon. Moreover, to include in the tax on gross premiums a tax on the premiums paid for reinsurance would be to impose a tax upon such premiums twice. The Warsaw Fire Insurance Company has paid the tax upon the premiums which it received for reinsuring the risks of the American Union Fire Insurance Company, and while double taxation is not unconstitutional, it must have clear legislative authority to support it."

With respect to your second inquiry, I thoroughly agree with the reasoning of, and reaffirm the conclusion reached by, Deputy Attorney-General Hargest, that if foreign fire insurance companies, licensed to do business in Pennsylvania, are not allowed to deduct from their gross premiums received the premiums of such companies actually paid for reinsurance in domestic fire insurance stock companies, the gross premiums tax would be imposed upon such premiums twice, and there is no clear legislative provision in said Insurance Company Act of May 17, 1921, P. L. 682, or in any other act, to support it.

I appreciate the facts as you have stated them, that if foreign insurance companies and associations, licensed to do business in Pennsylvania, are allowed, in estimating the gross premiums tax, to deduct from the gross premiums received the premiums of said companies paid for reinsurances in domestic companies or associations upon the mutual plan without capital stock, that considerable tax is lost to the State; and that this fact is equally true if foreign fire insurance companies are allowed, in estimating said tax, to deduct from the gross premiums received the premiums of said companies paid for reinsurances in domestic foreign fire insurance stock companies. This, however, is entirely a matter for the State Legislature. The situation, so far as foreign fire insurance companies licensed to do business in Pennsylvania is concerned, has existed for a considerable period of time, as previously indicated. On the other hand, my investigation of this matter leads me to believe that this apparent loss in tax is equalized to a large extent. For instance, when foreign mutual insurance companies, who specialize in a certain type or types of insurance, take out reinsurance, I understand, they reinsure in domestic mutual companies doing the same type or types of business; and, in turn, when these domestic mutual insurance companies, without capital stock, reinsure their business, they give it to a mutual for-

eign insurance company doing the same type of business. Consequently, although in the first instance there is no tax on gross premiums received, in the second instance there is a tax on the gross premiums at 2 per cent. I am likewise advised that there is a similar reciprocity existing in the matter of reinsurance between foreign fire insurance companies and domestic fire insurance stock companies, at least to a rather large extent. Consequently, if this is true, although tax at the rate of 12 mills on the dollar of the amount of gross premiums is lost to the State when a foreign fire insurance company, licensed to do business in Pennsylvania, reinsures in a domestic fire insurance stock company, nevertheless, when the domestic fire insurance stock company reinsures business in a foreign insurance company authorized to do business in Pennsylvania, there is tax paid on these premiums by the foreign fire insurance company to the State at 2 per cent. on the dollar upon the gross amount of said premiums.

Therefore, I am of the opinion, and so advise you:

First, that the term "licensed to do business in this Commonwealth," as used in section 321 of the Act of May 17, 1921, P. L. 682, in the provision authorizing certain deductions from gross premiums received by foreign insurance companies, associations and exchanges, means "authorized to do business in this Commonwealth," and comprehends thereby both domestic and foreign insurance companies, associations and exchanges authorized to do business in Pennsylvania.

Second, that in making annual report for the purpose of gross premiums tax, foreign insurance companies authorized to do business in Pennsylvania are allowed by said Insurance Company Act of 1921 to deduct from the gross premiums received the premiums of said companies actually paid for reinsurances in domestic companies, associations or exchanges upon the mutual plan without capital stock.

Third, that in making annual report for the purpose of the gross premiums tax, foreign fire insurance companies authorized to do business in Pennsylvania are allowed by said Insurance Company Act of 1921 to deduct from the gross premiums received the premiums of said companies actually paid for reinsurances in domestic fire insurance stock companies.

From C. P. Addams, Harrisburg, Pa.